UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BURNELL HAMLIN                                                    PLAINTIFF

V.                                        CIVIL ACTION NO.  3:20-CV-364-KHJ-LGI

FRAYSER QUALITY, LLC; and
DOE DEFENDANTS 1-10                                              DEFENDANTS

ORDER

This action is before the Court on Defendant Frayser Quality, LLC's

("Frayser") Motion to Strike Plaintiff's Designated Expert Witnesses [23]. For the

reasons below, the Court denies Frayser's motion without prejudice.

I.      Facts and Procedural History

Plaintiff Burnell Hamlin sued Frayser in Hinds County Circuit Court for

negligence, gross negligence, and premises liability after he bit into an earring

while eating mashed potatoes at Popeyes Louisiana Kitchen. [1-1], ¶¶ 8, 10, 18-32.

Frayser removed this action and filed an Answer [1]; [4]. The Court's December 28,

2020 Case Management Order required Hamlin to designate expert witnesses by

January 5, 2021. By this date, Hamlin identified Dr. Mary Harrington and Dr.

Latoya Eakins as his experts and stated that the doctors would provide a written

report. Despite this representation, Hamlin has not submit a signed, written report

from either doctor. [23], ¶ 2. Frayser therefore moves to strike Dr. Harrington and

Dr. Eakins for Hamlin's failure to comply with this Court's Local Rules and the

Federal Rules of Civil Procedure. [23].

II.     Standard

Rule 37 prohibits a party who fails to provide the information Rule 26(a) requires from using that witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court has discretion over whether to exclude an expert witness. *See Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 256 (5th Cir. 2020) (reviewing exclusion of expert testimony for abuse of discretion).

III.    Analysis

Frayser asks this Court to strike Hamlin's designated experts because Hamlin failed to provide the necessary expert reports and opinions under Rule 26(a)(2)(B), and Hamlin's deadline for doing so has passed. Mot. to Strike [23], ¶ 12. Hamlin argues that his expert designations are sufficient and states he is still waiting for the experts' reports because of COVID-19 delays. Resp. [24] at 8.

Parties must submit a written report from every expert witness who the party retains or specially employs to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(B). This report must contain the expert's opinions, the reasons for these opinions, the information the experts considered in formulating these opinions, and any exhibits the expert will used to support her report. *Id.* Parties need not submit a written report for experts who are not specifically retained or employed to provide expert testimony, but who still qualify as experts under Rule 702. *Id.* 26(a)(2)(C). For these experts, a party must only disclose the subject matter about which the

witness will testify and a summary of the facts and opinions to which the expert will testify. *Id.*

A party's treating physician may fall into either category of expert witnesses. The Court generally considers a treating physician to be a non-retained expert witness who need not provide a report. *See Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004) (citing Rule 26(a)(2) advisory committee's note to 1993 amendments). In this context, the treating physician can only testify to "facts disclosed during the care and treatment of the patient, including his diagnosis, the causation of the plaintiff's injuries, and the plaintiff's prognosis," and the party using the expert must comply with Rule 26(a)(2)(B). *Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 WL 2903253, at *1 (S.D. Miss. July 6, 2017). If a treating physician prepares an expert opinion or relies on outside sources, however, the Court will consider the treating physician to be a retained expert, and the party using the expert opinion must comply with Rule 26(a)(2)(C).

Whether Hamlin seeks to designate Dr. Harrington and Dr. Eakins as treating physicians or retained experts is unclear. Hamlin states in his Initial Disclosure of Expert Testimony that both doctors will testify to the medical treatment they provided to Hamlin. [23-1] at 2, 4. But then Hamlin promises to submit expert reports, which are not required for treating physicians. Under either designation, though, Hamlin fails to meet Rule 26's disclosure requirements because he has not submitted expert reports and has not provided a sufficient summary of the facts and opinions to which these doctors will testify. The Court

3

must therefore determine the appropriate remedy for his failure to adequately disclose. When determining whether to exclude expert evidence as a sanction for the violation of a scheduling order, the Court must consider four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Axon Pressure Prods., Inc.*, 951 F.3d at 270 (citing *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016)).

Hamlin explains he has not provided the experts' reports because of delays related to COVID-19. Resp. [23] at 8. Frayser argues that Hamlin's explanation is not sufficient because the Mississippi State Board of Dental Examiners approved dentists' return to work in May 2020. Reply [26] at 7-8. Hamlin's continued reliance on COVID-19 is suspect as the Court previously extended Hamlin's expert disclosure deadline, and he has not sought more time. But the Court does not believe Hamlin is acting in bad faith. For these reasons, this factor weighs neither against nor in favor of Hamlin. The Court notes, however, that if Hamlin could not provide expert reports by the expert designation deadline, the proper response is to ask the Court for more time.

A.  Importance of Testimony

The testimony of Dr. Harrington and Dr. Eakins is important to Hamlin's case. In his Initial Disclosure of Expert Testimony, Hamlin explains that he will use their testimonies (and possibly their reports) to prove the extent of Hamlin's injuries, his medical history, his medical treatment, and other issues related to

4

damages. [23-1]. Frayser does not contend these witnesses are unimportant to Hamlin's case but simply argues it cannot properly challenge the expert's opinions without adequate designations. This factor therefore favors Hamlin.

### B.  Potential Prejudice to Frayser

Frayser argues that Hamlin's failure to sufficiently disclose his experts prejudices it because it has not received a complete copy of Hamlin's medical and dental records. [26] at 8-9. Frayser also argues that it cannot properly designate its own expert without knowing to which facts and opinions Hamlin's experts will testify. *Id.* at 9. The Court agrees that Frayser has been prejudiced by Hamlin's lack of information and failure to meet the Court's deadline. In his Initial Disclosure of Expert Testimony, Hamlin does not provide a sufficient summary of the facts and opinions he expects Dr. Harrington and Dr. Eakins to testify. [23-1]. This factor therefore weighs against Hamlin.

### C.  Availability of a Continuance

Hamlin asks the Court to consider less severe sanctions than striking his experts because he acted in good faith in getting the expert reports. [24] at 7-8. Frayser argues that the Court has already granted Hamlin an extension, and he failed to comply with this extended deadline. [26] at 8. The Court recognizes the remaining scheduling deadlines are quickly approaching but finds that there is sufficient time to allow Hamlin a chance to properly designate Dr. Harrington and Dr. Eakins. If Hamlin designates them as treating physicians, he must provide a sufficient summary of the facts and opinions to which they will testify; if he treats

5

them as retained experts, he must submit expert reports and all other information required by Rule 26(a)(2)(B). If Hamlin fails to do so, Frayser may reurge its Motion to Strike.

IV.    Conclusion

This Court has considered all arguments. Those it does not address in this Order would not have changed the outcome of its decision. For the reasons stated, this Court DENIES Frayser's Motion to Strike [23] without prejudice. The Court allows Hamlin until April 14, 2021, to properly designate his experts. No further extension of Hamlin's expert designation will be allowed absent extraordinary circumstances. Although Frayser filed a Notice of Service of Designation of Experts, the Court extends Frayser's expert designation deadline to May 18, 2021, to allow Frayser the ability to supplement its expert reports following Hamlin's designation if it desires. The Court will reset the dispositive motion and other trial-related deadlines by separate order.

SO ORDERED AND ADJUDGED this the 16th day of March, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE